PER CURIAM.
Herbert Heitner, a foreign attorney, became a partner in a law firm with one Rosenfeld, here in Florida, under the name Heitner and Rosenfeld. The Riccios employed the firm to represent them in a real estate transaction on June 28, 1984. The law partnership was dissolved effective June 30, 1984, although no notice of such dissolution was ever given to the Ricc-ios. Code of Professional Responsibility DR 2-110 (1970), superseded, Rule ⅛-1.-16(d), Chapter 4, Rules of Professional Conduct (1987). Thereafter the firm purported to continue to represent the Riccios and concluded a purchase and sale of the real property and provided that payment on the purchase money note would be made at the offices of the firm of Heitner and Ro-senfeld. Subsequently the Riccios brought a malpractice action against Heitner and Rosenfeld, individually, and as members of a partnership, and against an associate, alleging malpractice in the representation in connection with the real estate transaction. Heitner was served pursuant to the provisions of the “long-arm” statute, Section 48.193(l)(b) Florida Statutes. The trial court granted a motion to quash this service. This order we have under review and find error in its entry. We hold that the failure to advise the clients, the Riccios, of the dissolution of the lawfirm and continuing to represent as though the firm was in existence constituted an estoppel and prevented the individual members of the firm from claiming the attorney-client relationship had ceased. The relationship had not terminated for the purposes for which the firm had been employed in the first instance, and therefore the foreign partner continued to be amenable to service in this state. Welsh v. Carroll, 378 So.2d 1255 (Fla. 3d DCA 1980); Frates v. Nichols, 167 So.2d 77 (Fla. 3d DCA 1964) and Section 48.193(1), Florida Statutes.
Therefore the order under review is reversed and the matter returned to the trial court for further proceedings.